STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

ALEX GUILLARD

VERSUS

COPELAND'S OF NEW ORLEANS, INC.

************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 05-4275 "F"
HONORABLE WILFORD D. CARTER, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and James T. Genovese, Judges.

AFFIRMED.

Timothy O'Dowd
Attorney at Law
921 Ryan Street, Suite D
Lake Charles, LA 70601
(337) 310-2304
COUNSEL FOR THE PLAINTIFF/APPELLEE:
    Alex Guillard

Len R. Brignac, T.A.
Lindsay A. Larson, III
King, LeBlanc & Bland, P.L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170
(504) 582-3800
COUNSEL FOR DEFENDANT/APPELLANT:
    Copeland's of New Orleans, Inc.

PETERS, J.

The defendant, Copeland's of New Orleans, Inc. (Copeland's), appeals the trial court's judgment awarding the plaintiff, Alex Guillard, $46,500.00 in damages for Copeland's breach of a three-year employment contract with him. Mr. Guillard has answered the appeal, asserting that the trial court erred in failing to award him penalties and attorney fees. For the following reasons, we affirm the trial court judgment in all respects.

## DISCUSSION OF THE RECORD

On December 30, 2004, Mr. Guillard entered into a three-year employment contract with Copeland's, wherein he agreed to provide janitorial services at Copeland's Lake Charles, Louisiana, restaurant, and Copeland's agreed to compensate him for the services at the rate of $1,500.00 per month. In May of 2005, Copeland's closed the Lake Charles restaurant and informed Mr. Guillard that his janitorial services were no longer needed. The quality of Mr. Guillard's services was not at issue in terminating the contract, and Copeland's only reason for taking that action was the failure of the restaurant to meet its performance expectations. Copeland's decided not to reopen the restaurant, and, by the end of June 2005, it had entered a listing agreement for the sale of the restaurant property.

On August 17, 2005, Mr. Guillard filed suit for damages against Copeland's, asserting that it had breached its three-year contract for employment. On September 24, 2005, Hurricane Rita struck the Lake Charles area and caused approximately $400,000.00 in damages to the building which had previously housed the restaurant.

At trial, the trial court rendered judgment finding that Mr. Guillard was an independent contractor, that Copeland's had breached the contract, and that Mr. Guillard was not entitled to attorney fees and penalties pursuant to La.R.S. 23:631-

632. The trial court then awarded Mr. Guillard judgment in the amount of $46,500.00, said award representing the amount that would have been due Mr. Guillard had the contract remained in force and effect for the full three years. Copeland's timely appealed this judgment, and Mr. Guillard answered the appeal.

## OPINION

In its appeal, Copeland's asserts two assignments of error: (1) the trial court erred in not finding that Hurricane Rita was a fortuitous event making Copeland's performance impossible and allowing it to dissolve the contract pursuant to La.Civ.Code art. 1876, and (2) the trial court erred by not reducing Mr. Guillard's recovery, since Mr. Guillard failed to mitigate his damages as required by La.Civ.Code art. 2002. Mr. Guillard answered the appeal, asserting in his one assignment of error that the trial court erred in failing to award penalties and attorney fees payable to employees under La.R.S. 23:631-632.

### *Copeland's Assignment of Error Number One*

Relying on La.Civ.Code art. 1876, Copeland's contends that the trial court erred in holding that Mr. Guillard was entitled to payment for the full term of the contract. Louisiana Civil Code Article 1876 provides that "[w]hen the entire performance owed by one party has become impossible because of a fortuitous event, the contract is dissolved" and the other party's recovery is limited to "any performance he has already rendered." A fortuitous event is defined by La.Civ.Code art. 1875 as "one that, at the time the contract was made, could not have been reasonably foreseen."

Copeland's does not dispute that it owes Mr. Guillard for services rendered under the contract from May of 2005, when it informed Mr. Guillard that it would not

2

honor the contract, until September 24, 2005, when Hurricane Rita struck. Its dispute with the trial court judgment is the award which represents the remaining term of the contract, or until December 30, 2008. Copeland's argues that since Hurricane Rita was a fortuitous event that made Copeland's performance impossible, the contract was dissolved pursuant to La.Civ.Code art. 1976 as of September 24, 2005, limiting what it owed Mr. Guillard to the period ending on that date.

While Hurricane Rita was unquestionably a fortuitous event, Copeland's argument ignores La.Civ.Code art. 1873, which provides in part that an obligor is liable for his failure to perform "when the fortuitous event *occurred after he has been put in default.*" (Emphasis added.) In this case, Copeland's had unquestionably been put in default over one month before Hurricane Rita struck the Lake Charles area, when Mr. Guillard filed his suit. Thus, pursuant to La.Civ.Code art. 1873, Copeland's is liable for Mr. Guillard's lost wages until the end of the contract.

We find no merit in this assignment of error.

### *Copeland's Assignment of Error Number Two*

Copeland's contends in this assignment of error that the judgment against it should be reduced because Mr. Guillard failed to make a reasonable effort to mitigate his damages. In making this argument, Copeland's relies on La.Civ.Code art. 2002 which provides that "[a]n obligee must make reasonable efforts to mitigate the damage caused by the obligor's failure to perform," and that when he does not, "the obligor may demand that the damages be accordingly reduced."

The issue of mitigation of damages by a laborer/employee has been addressed by the supreme court in *Andrepont v. Lake Charles Harbor & Terminal Dist.*, 602 So.2d 704, 706-07 (La.1992) (emphasis added) with the following conclusion:

3

Article 2749 of the Louisiana Civil Code addresses an employer's liability for terminating an employee with a fixed term contract without cause. It provides:

> If, without any serious grounds of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his services arrived.

An employer's breach of a fixed term contract without cause results in the employee's entitlement to compensation for all wages or salary that he would have received but for the breach. . . . .

Of course, there is *no duty to mitigate* lost salary damages in these circumstances.

While we recognize that the trial court concluded that Mr. Guillard was an independent contractor and not an employee, we find this is a distinction without a difference for purposes of considering his obligation to mitigate damages. As pointed out by the first circuit in *Guidry v. Freeman*, 555 So.2d 588, 591-92 (La.App. 1 Cir. 1989) (emphasis in original),

> The Louisiana Civil Code provides for the employer-employee *contractual* relationship in Book I (Of Persons), Title VI (Of Master and Servant). La.C.C. arts. 162, 163 and 164 provide as follows:
>
> **Art. 162.** There is only one class of servants in this State, to wit: Free servants.
>
> **Art. 163.** Free servants are in general all free persons who let, hire or engage their services to another in this State, to be employed therein at any work, commerce or occupation whatever for the benefit of him who has contracted with them, for a certain price or retribution, or upon certain conditions.
>
> **Art. 164.** There are three kinds of free servants in this State, to wit:
>
> 1. Those who only hire out their services by the day, week, month or year, in consideration of certain wages; the

4

rules which fix the extent and limits of those contracts are established in the title: *Of Letting and Hiring. ...*

Thus, a servant (employee) for purposes of our Civil Code is *any* person who lets, hires or engages his *services* to another to be *employed* at *any* work, commerce or occupation *whatever* for the benefit of him (employer) who has contracted with the servant. La.C.C. art. 164(1) provides that employment contracts of persons who hire out their services for wages are controlled by the Civil Code rules of lease. A lease of labor is a synallagmatic contract based on mutual consent by which one party (the servant or employee) gives to the other (master or employer) his labor (services) at a fixed price. La.C.C. arts. 2669, 2670, 2673 and 2675. La.C.C. 2745 provides as follows:

Labor may be let out in three ways.

1. Laborers may hire their services to another person.

2. Carriers and watermen hire out their services for the conveyance either of persons or of goods and merchandise.

3. Workmen hire out their labor or industry to make buildings or other works.

Thus, for purposes of the employer-employee *contractual* relationship, it is irrelevant whether the employee-servant is an independent contractor or a nonindependent contractor. In either situation, the *contractual* relationship is governed by the same rules.

Given the finding that the same rules govern the employer-employee and principal-independent contractor relationship, we find the decision of the supreme court in *Andrepont*, 602 So.2d 704, governs our decision is this matter. Thus, we conclude that Mr. Guillard had no duty to mitigate his damages. Therefore, we find no merit in this assignment of error.

**Mr. Guillard's Assignment of Error as Raised by his Answer to the Appeal**

In his answer to Copeland's appeal, Mr. Guillard contends that the trial court erred in finding that he was an independent contractor and, thus, was not entitled to an award of penalties and attorney fees because Copeland's failed to pay him the

5

amounts due within three days of his discharge under the contract.[1]  We find no merit in this assignment of error.

The trial court's factual finding that Mr. Guillard was an independent contractor is reviewed under the manifest error/clearly wrong standard.  *Hall v. Folger Coffee Co.*, 03-1734 (La. 4/14/04), 874 So.2d 90.  In determining whether there is a principal/independent contractor relationship, as opposed to an employer/employee relationship, a court should determine whether:

> (1) there is a valid contract between the parties; (2) the work being done is of an independent nature such that the contractor may employ non-exclusive means in accomplishing it; (3) the contract calls for specific piecework as a unit to be done according to the independent contractor's own methods, without being subject to the control and direction of the principal, except as to the result of the services to be rendered; (4) there is a specific price for the overall undertaking agreed upon; and (5) the duration of the work is for a specific time and not subject to termination or discontinuance at the will of either side without a corresponding liability for its breach.

*Gordon v. Hurlston*, 03-112, p. 4 (La.App. 3 Cir. 9/10/03), 854 So.2d 469, 472.

Applying these factors to the evidence now before us, we find no manifest error in the trial court's conclusion that Mr. Guillard was an independent contractor.  The agreement between Mr. Guillard and Copeland's is based on a proposal for specific services prepared by Mr. Guillard.  It requires Mr. Guillard to provide cleaning services to the Lake Charles restaurant, but provides only that a specific result be obtained without reference to specific hours or work schedules.  Thus, Copeland's did not have the right to control the method and means by which Mr. Guillard performed his cleaning services.  The contract price provides a set fee for services rendered

---

[1]Louisiana Revised Statute 23:631 requires an employer to pay any amounts due to a discharged employee or laborer within three days of his discharge.  Louisiana Revised Statute 23:632 provides for an award of penalties and attorney fees for an employer's failure to comply with the requirements of La.R.S. 23:631.

6

without regard to the time involved, and the contract itself is for a fixed three-year period. Although Copeland's did make arrangements for Mr. Guillard to work during certain hours, that arrangement accommodated the restaurant's schedule and did not address how or when Mr. Guillard performed his services.

## DISPOSITION

For the foregoing reasons, we affirm the trial court's judgment in all respects. We assess all costs of this appeal to the defendant, Copeland's of New Orleans, Inc.

**AFFIRMED**.